McKinney, J.,
delivered the opinion of the Court.
This was an attachment hill to enforce a mechanic’s lien on a house and lot in the city of Memphis.
It appears that in August, 1852, the complainants entered into a special contract by parol with the defendant William McNabb, to furnish materials and erect for him a frame dwelling-house on the lot in controversy, which contract they performed; and McNabb having failed to pay them for their labor and materials furnished, this bill was filed, on the 16th of May, 1853, to enforce their lien on the property.
The defence set up rests upon the following facts. On the 14th of June, 1852, shortly before the contract with the complainants, a conveyance seems to have been made of said lot by one Saint to Maria McNabb, wife of the defendant William McNabb, to her separate use, and in terms excluding the husband’s marital right, but this conveyance was never registered. William McNabb made the purchase, for the sum of $275, of which he paid $200 in hand, and caused the conveyance to be made by the purchaser, settling the property on his wife. Yery shortly after the completion of the dwelling-house on said lot by the complainants, namely, on the 2d of *424 November, 1852, McNabb and wife jointly sold and conveyed said property to tbe defendant Richardson, against whom, with McNabb and wife, this bill is brought.
It is clear that the conveyance to the wife is wholly inoperative against the husband’s creditors, _ for non-registration. This is so by the express terms of the act of 1831, ch. 90, § 12, as to subsequent as well as existing creditors. The complainants are creditors of the husband, and are within the above provision of the act.
The complainants, in this view — not to notice another aspect of the case which probably would 1'ead to the same conclusion — had a clear right to enforce their lien upon the property.
The subsequent conveyance by McNabb and wife to Richardson, while it indicates very clearly the real nature and object of McNabb in causing the conveyance to be made to his wife, interposes no obstacle in the way of the complainants to the assertion of their lien upon the property as against the defendant Richardson.
The lien is a proceeding in rem; and after it has once attached — by the express terms of the act of 1825, ch. 37 — by no conveyance or proceeding whatever can it be defeated.
It necessarily follows, therefore, that the subsequent conveyance to Richardson, after the inception of complainant’s lien upon the property, was nugatory as against them.
There is no error in the decree, and it is affirmed.